NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2523

KENNY MORGAN,
   Appellant

v.

JACK TERHUNE; ROY HENDRICKS; MORAN; M. BRZDEK;
S. BRZDEK; J. FRY; MASTROPOLO; KEATON; WERESK;
G. A. SMITH; DIVITIS; CMS STAFF; FRANK JAMES; GAIL GILLESPE

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 00-cv-05888
(Honorable Anne E. Thompson)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 14, 2005
Before: SCIRICA, Chief Judge, FISHER and ALDISERT Circuit Judges

(Filed December 8, 2005)

OPINION OF THE COURT

PER CURIAM.

Kenny Morgan, a New Jersey state prisoner, appeals pro se from an adverse jury verdict entered in the United States District Court for the District of New Jersey. Finding no error, we will affirm.

Morgan commenced this civil rights action pro se, but the District Court appointed him counsel who filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against prison officials, numerous corrections officers, a prison law librarian, and medical staff. Morgan alleged that he was assaulted by the officers, and that prison officials denied him showers and yard time, provided unsanitary cell conditions, and poisoned his food in violation of the Eighth and Fourteenth Amendments.[1]

The defendants filed a motion for judgment on the pleadings, which was denied. The defendants then filed a motion for partial summary judgment. The District Court granted the motion as to the failure-to-protect claim against defendants Terhune and Hendricks, but denied it as to the claim regarding the conditions of confinement. Thereafter, the defendants renewed their motion for summary judgment as to the conditions of Morgan's confinement, contending (as they did in their Answer to the Amended Complaint) that Morgan failed to exhaust administrative remedies. The District Court granted summary judgment as to the claim concerning the conditions of confinement, but denied it as to Morgan's remaining claims. Morgan proceeded to trial on his excessive force claim against four corrections officers and a prison sergeant. At the conclusion of the three-day trial, the jury returned a verdict in favor of the defendants, finding that Morgan failed to prove by a preponderance of the evidence that any of the

---

[1] Morgan asserted three additional claims in his Amended Complaint, but abandoned them in the final pre-trial order.

2

defendants violated the Eighth Amendment by intentionally using excessive force against Morgan. Morgan filed a motion for new trial, which was denied. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

As a threshold matter, Morgan has not provided a copy of the trial transcript, and thus he cannot contend on appeal that a jury finding or conclusion is unsupported by, or contrary to, the evidence. See Fed. R. App. P. 10(b)(2). In any event, because Morgan raises no substantive argument on appeal regarding the adverse jury verdict or the District Court's denial of his motion for a new trial, he has waived his opportunity to challenge these rulings. See Fed. R. App. P. 28(a)(5); United States v. Pellulo, 399 F.3d 197, 222 (3d Cir. 2005). Instead, Morgan argues that the District Court improperly granted summary judgment in favor of defendants Terhune and Hendricks on the failure-to-protect claim. See Br. at 9-10.[2]

To prevail on an Eighth Amendment failure-to-protect claim, a prisoner must establish that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To survive summary judgment, Morgan is thus required "to produce sufficient evidence of (1) a substantial

---

[2] We exercise plenary review over the District Court's grant of summary judgment. Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).

3

risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).

As the District Court concluded, Morgan has not met his burden of establishing that Terhune and Hendricks acted with deliberate indifference. Morgan did not submit any evidence indicating that he had been mistreated prior to the incident by correctional officers or other prison officials. In fact, Morgan conceded during his deposition testimony that before the alleged altercation, he did not have any "problems" with the officers. Finally, Morgan's letter written to Terhune and Hendricks summarizing the incident <u>after</u> it occurred is insufficient to establish that Morgan suffered from a substantial risk of serious harm or that the defendants were deliberately indifferent to that risk. On this record, the District Court properly granted the defendants' motion for summary judgment.

For the foregoing reasons, we will affirm the District Court's judgment. Appellees' motion to strike Morgan's informal brief is denied.